George Andrews, J.,
delivered the opinion of the Court.
*279 Lewis S. Lasell and others, filed their bill in the Chancery Court at Nashville, against. James S. Powell and others, to enforce the payment of a debt due from Powell, and to set aside sales of goods, slaves and, land, made by said Powell, in fraud of creditors.
On the 23rd day of May, 1860, a decree was made for the sale of Powell’s interest in the land and ne-groes, for the satisfaction of complainant’s debt, the decree reciting that the interest of Powell was a rever-sionary interest in his father’s estate, subject to the life estate of his grandmother; which estate consisted of land and negroes in the pleadings mentioned, and was the one-fourth interest thereof. The sale was decreed to be made upon a credit of six and twelve months, and in bar of the equity of redemption.
The Clerk and Master reported to the November Term, 1860, that he had sold the property in pursuance of the decree. He incorporated in his report, a copy of the notice of sale given by him, which notice described the property as the one-fourth reversionary interest which James L. Powell has in the land and slaves belonging to his father’s estate; describing the land, which consisted of two tracts, and giving the names of the slaves, sixteen in number.
The notice further stated that Powell’s interest in said lands and slaves was one undivided fourth; and that, in the whole of the land, and a portion of the slaves, Mrs. Powell, his grandmother, had a life estate, and that the sale would be subject to this incumbrance.
The report states, that at the sale the Clerk and Master stated to the bidders that the property offered *280 was the one-fourth reversionary interest which James L. Powell had in the lands and slaves belonging to his father’s estate; aDd that the property was fairly sold to Thomas G. James, at the price of $5,700, on a credit of six and twelve months; for which the said purchaser executed his two notes, with J. D. James as security.
The Clerk and Master then states in his report, that subsequently to the sale he received information that Julia, one of the slaves mentioned in the notice of sale, had died long since; that there was a slave girl, eight years of age, named Susannah, that was not named in the advertisement; and that three children, Anna Louisa, Edmund, and another infant, had been born since the attachment in the cause, and who were not named either in the pleadings or advertisement. He álso reported that the property sold for a full price.
To this report of sale, the defendant, James L. Powell, filed exceptions, showing:
1st, That the slaves were not present when sold.
2nd, That the advertisement of the Clerk and Master, as recited in his report, states, that in the whole of the land, and a portion of the slaves, Mrs. Powell, the defendant’s grandmother, has a life estate, which statement of her interest is too uncertain a specification of said incumbrance.
The 3rd, 4th, 5th, 6th and 7th grounds of exceptions were, that the title to some' of the slaves mentioned, was in divers other parties, and not in the defendant, Powell; and that the legal title to the land was in a trustee; and that said Powell’s interest there *281 in, was not a reversionary one. These last enumerated objections have no weight; and we believe it is not insisted that they have.
The Chancellor overruled the exceptions of the defendant, and confirmed the sale; and made a decree, reciting that the sale was made in conformity with the previous decrees; that the property had brought a full price, and that the purchaser had complied witb the terms of sale; and decreeing that all the right, title, and interest of the defendant, Powell, in the said two tracts of land, and in the slaves, including Susannah, Anna Louisa, and Edmund, who were not named in the advertisement, be divested out of said Powell, and vested in the said purchaser.
The notes given by the purchaser, Thomas G. James, upon this sale, being unpaid, separate judgments were taken upon them, on motion, in the name of the Clerk and Master, against Thomas G. James, and John D. James, his surety, in May and November, 1861.
The judgments not having been paid, and in the year 1867, executions having issued thereon, James L. Powell, the original debtor, together with Thomas G. James and John D. James, filed the record in this court for error; and, upon petition, obtained a fiat for a writ of error, and for a supersedeas to the two judgments above mentioned.
Thomas G. James, the purchaser, did not except to the report, or object to the confirmation of the sale; and neither he nor his surety, John D. James, can complain of it in this court. -It is not claimed, that *282 if the decree of confirmation be correct, there is any error in rendering judgment upon the notes.
Is the decree confirming the sale erroneous as to the defendant, James L. Powell?
It is claimed that the decree confirming the sale is erroneous, because:
1st, It appears that the negroes were not present at the time of the sale.
2nd, The notice of sale given by the Clerk and Master, states that Mrs. Powell has a life estate in the lands, and in a portion of the negroes, which is too uncertain a specification of the incumbrance.
Sales made by a Cleric and Master, under the direction of a Court of Chancery, do not stand in all respects upon the footing of sales made by a Sheriff, under execution. The latter are made under the naked authority of the writ — not under the direct supervision of the Court. They are not reported to the Court except by the return upon the writ, nor subject to be set aside, and require no confirmation by it. Hence, they must be made, in all respects, in accordance with the rules which the law lays down for the protection of the owner of the property; and if not so made, may be held irregular or void. But sales made under the decree of a Court of Chancery are, to a considerable extent, under the discretionary control of that Court. It will often set them aside where no error or irregularity has been committed, merely for the sake of an advance in the price; and it may, if satisfied that no injustice has been done, disregard irregularities in the conduct of the sale, and confirm the action of the Master.
*283 In the present case, the Clerk and Master reported, and the Court found, that the sale was for a full price; and it is not alleged, by way of exception, that it did not bring its fiill value, or that any injustice had been done the defendant. The interest sold being a partial as well as a reversionary one, it is easy to see that it might be difficult or impossible to have the slaves actually present at the sale; and it is not easy to see that the vague description of the interest of Mrs. Powell in the slaves could have injured the defendant, however it might have affected the purchaser.
If we would have been justified, upon this writ of error, in reversing the decree of the Chancellor, and divesting the title of the purchaser at any time, it would require a much clearer case of error in the decree than is presented in the present case, to justify such a reversal and divestiture upon a writ of error sued out six years after the sale has been perfected — after money may have been paid, and improvements made, and the circumstances of the parties and the values of the estate may have changed.
The further objection now urged, that the two tracts of land and the slaves were sold in one collective mass, and not in parcels, can hardly be said to appear affirmatively upon this record; but if that were the case, no exception was presented to the report upon that ground, and we will not reverse for that reason, now.
It is also urged that it was erroneous to confirm the sale of the land, because it was insufficiently described in the pleadings and in the decree. No exception was taken to the sale upon this ground. But this defect, *284 if it be one, could not injure the defendant, Powell. Such a defect might affect the title of the purchaser; but he does not object -to the confirmation of the sale; and if he is satisfied with the title which he obtained* Powell has no right to ask that it be divested for an error by which he is not affected.